```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
KAREN LARSON,

                  Plaintiff,

            - against -

JOHN PAUL MITCHELL SYSTEMS; L'OREAL USA,
INC.; L'OREAL USA PRODUCTS, INC.; HENKEL
a/k/a HENKEL AG & CO. KGaA; SCHWARZKOPF;
JOICO; WELLA OPERATIONS US, LLC; WELLA
PROFESSIONALS;   COTY,   INC.;   KOHLBERG
KRAVIS ROBERT & CO a/k/a KKR & CO, INC.;
BRISTOL-MYERS  SQUIBB  CO.;  PROCTER  &
GAMBLE HAIR CARE, LLC; CLAIROL; GOLDWELL;
KAO   USA,   INC.;   GOLDWELL   NEW   YORK;
COSMOPROF SERVICES USA, LLC; SALLY BEAUTY
HOLDINGS, INC.; JOHN DOE CORPORATIONS 1-
100, inclusive,

                  Defendants.

---------------------------------------X
```

**MEMORANDUM AND ORDER**
25 Civ. 10280 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is plaintiff Karen Larson's ("plaintiff") motion to remand this case to state court pursuant to 28 U.S.C. § 1447.  ECF No. 13.  This case is one of many cases that have been assigned to this Court as related, and in which individual plaintiffs allege they were diagnosed with bladder cancer as a result of prolonged usage of the defendants' haircare products.[1]  Earlier today, this Court filed a comprehensive

---

[1]    See e.g., Rini v. L'Oreal USA, Inc. et al, No. 25-cv-10285; Clarke v. John Paul Mitchell Systems et al, No. 25-cv-10289; Eck v. John Paul Mitchell

1

Memorandum and Order in one such case, Gregory v. L'Oreal USA Inc. et al, No. 25-cv-10298(NRB), ECF No. 27 (the "Gregory Opinion"). There, when faced with a nearly identical motion to remand, we determined after careful analysis that removal to this court was proper and denied the plaintiff's motion for remand.

In all relevant respects, the instant motion is identical to the motion in Gregory.  Indeed, apart from plaintiff's name, plaintiff's domicile, the exact dates of attempted and purported service, the specific defendants sued, and other minor differences that are not relevant to our conclusion, the motions are fundamentally the same.

Accordingly, we hereby adopt the reasoning set forth in the Gregory Opinion as if set forth in full herein and determine that removal was proper in this case and deny plaintiff's motion.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 13.

Dated:    June 25, 2026
          New York, New York

                                  _____
                                     NAOMI REICE BUCHWALD
                                  UNITED STATES DISTRICT JUDGE

---

Systems et al, 25-cv-10295; Gregory v. L'Oreal USA, Inc. et al, No. 25-cv-10298; Jiricek v. L'Oreal USA, Inc. et al, No. 25-cv-10299;  Estrada v. Kao USA, Inc. et al, No. 26-cv-02997; Loscar v. Kao USA, Inc. et al, 26-cv-03174; Hadeler v. Clairol et al, No. 26-cv-03388; Savitski v. L'Oreal USA Inc. et al, 26-cv-04096; Dewitt et al v. LOreal USA, Inc. et al, No. 26-cv-04140; Desantis v. L'Oreal USA, Inc. et al, No. 26-cv-04266; Rocco v. Wella Operations US LLC et al, No. 26-cv-04519; Bergman v. Wella Operations US, LLC et al, No. 26-cv-04528; Selvey v. Wella Operations US LLC et al, No. 26-cv-04596.